98 F.3d 1341
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jackie Lee ATKINS, Petitioner-Appellant,
v.
Bradley SMYTHE, Respondent-Appellee.
 No. 95-5893.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1996.
 
 Before: KRUPANSKY, BOGGS, and SILER, Circuit Judges.
 
 ORDER
 
 1
 This state prisoner, represented by counsel, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A Tennessee jury found Jackie Lee Atkins guilty of first degree murder. The trial court sentenced Atkins to life imprisonment. The Tennessee Court of Criminal Appeals affirmed his conviction, State v. Atkins, 681 S.W.2d 571 (Tenn.Crim.App.1984), cert. denied, 470 U.S. 1028 (1985), and the Tennessee Supreme Court denied leave to appeal. Atkins petitioned for post-conviction relief (PCR) alleging ineffective assistance of counsel. The trial court conducted an evidentiary hearing and dismissed Atkins's PCR petition. The Tennessee Court of Criminal Appeals affirmed that judgment. Atkins v. State, 1987 WL 6348 (Tenn.Crim.App. Feb. 11, 1987).
 
 
 3
 On July 23, 1987, Atkins filed his first petition for habeas relief. He claimed that: 1) the trial court denied him due process of law by allowing a witness to testify that he refused to submit to a polygraph examination; and 2) trial counsel was ineffective. The district court dismissed the petition for failure to exhaust available state remedies. On July 26, 1991, Atkins filed a second petition for habeas relief. In that petition, Atkins raised the two claims for relief brought in his first petition, plus an additional claim of jury tampering, and in relation to his ineffective assistance of counsel claim, Atkins claimed that he was denied due process of law when the trial court at his PCR hearing denied him a continuance that would have allowed PCR counsel to better explore the ineffective assistance of counsel claim. The district court sua sponte dismissed the petition for failure to exhaust available state remedies. On appeal, this court concluded that the district court erred in holding that Atkins had not exhausted his state remedies. The court affirmed the district court's judgment on the merits with respect to the polygraph claim, but vacated the district court's judgment with respect to the ineffective assistance of counsel and jury tampering claims. Atkins v. Dutton, 972 F.2d 346 (6th Cir.1992). This court remanded the case to the district court with instructions to determine whether Atkins could show cause and prejudice to excuse his procedural default in failing to present his ineffective assistance and jury tampering claims in the state court.
 
 
 4
 On remand, the magistrate judge conducted an evidentiary hearing on Atkins's jury tampering claim and entertained argument on the ineffective assistance of counsel claim. The magistrate judge recommended that the petition for habeas corpus relief be denied because Atkins did not establish any grounds for the jury tampering claim, did not overcome the presumption of correctness afforded the state court's finding that Atkins's trial counsel was effective, and did not show that the trial court denied him a full and fair PCR hearing. The district court adopted the magistrate judge's report and recommendation over Atkins's objections. Atkins appeals that judgment.
 
 
 5
 In his timely appeal, Atkins reasserts that trial counsel was ineffective and that the trial court denied him a full and fair PCR hearing.
 
 
 6
 Initially, it should be noted that Atkins does not reassert that he was the victim of jury tampering. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 7
 The district court properly denied habeas relief because Atkins did not demonstrate that he received a fundamentally unfair proceeding resulting in his unjust confinement. Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990). The court renders de novo review of rulings denying habeas relief. Carter v. Sowders, 5 F.3d 975, 978 (6th Cir.1993), cert. denied, 114 S.Ct. 1867 (1994).
 
 
 8
 The district court properly denied Atkins's petition for habeas corpus relief. Atkins claims that he was never given a "full, fair and adequate" opportunity to present his Sixth Amendment ineffective assistance of counsel claim during the state court PCR proceedings. He contends that the state court erred by denying his motion for a continuance prior to the post-conviction evidentiary hearing, thus foreclosing his opportunity to present his claim in full. Therefore, Atkins argues that the findings of the state court should not be presumed correct and that he is entitled to a new evidentiary hearing on his ineffective assistance of counsel claim.
 
 
 9
 The trial court did not violate Atkins's constitutional rights by refusing to grant him a continuance. Failure to grant a continuance to enable a defendant to exercise his right to offer testimony of his witnesses can constitute a denial of due process, and hence deny the defendant a fundamentally fair proceeding. Bennett v. Scroggy, 793 F.2d 772, 775 (6th Cir.1986). In determining whether a defendant has been deprived of his rights to compulsory process and due process by a denial of a motion for continuance, the court should consider: 1) the defendant's diligence in interviewing witnesses and procuring their presence; 2) the probability of procuring their testimony within a reasonable time; 3) the specificity with which the defense is able to describe their expected knowledge or testimony; 4) the degree to which such testimony is expected to be favorable to the accused; and 5) the unique or cumulative nature of the testimony. Id. at 774.
 
 
 10
 The district court properly concluded that the trial court did not deny Atkins a fundamentally fair post-conviction evidentiary proceeding. In support of his claim that the trial court denied him a full and fair PCR hearing, Atkins submitted the affidavit of PCR counsel. In that affidavit, PCR counsel averred that "the granting of additional preparation time would have been helpful...." Although repeatedly invited to be more specific, Atkins did not present any evidence of what more he could have presented to the state court at the PCR hearing had the continuance been granted. Moreover, Atkins did not offer any evidence of how the result of the PCR hearing would have been different had the continuance been granted. Thus, Atkins did not show that he had diligently tried to interview witnesses, or that he would probably procure additional testimony within a reasonable time, or that he expected to gain specific knowledge from the additional evidence, or that he expected the additional evidence to be favorable to his case.
 
 
 11
 Atkins was not denied the effective assistance of counsel. Atkins claims that his trial counsel did not present available evidence that Atkins and his wife (the murder victim) had a compatible relationship, and that his wife had a drug and alcohol problem. Atkins also claims that his defense attorney rendered ineffective assistance because he did not obtain the services of a forensic pathologist or allow Atkins to testify at trial. In order to establish ineffective assistance of counsel, Atkins must show that counsel's representation fell below an objective standard of reasonableness and that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 687 (1984). The state court found that defense counsel's representation was "outstanding" and "professional." Atkins v. State, 1987 WL 6348, at * 1 (Tenn.Crim.App. Feb. 11, 1987). The findings of fact which lead to this conclusion are presumed correct as Atkins does not show by convincing evidence that the facts are erroneous. See Sumner v. Mata, 455 U.S. 591, 592-93 (1982) (per curiam). However, the ultimate question regarding counsel's effectiveness is a mixed question of law and fact, subject to de novo review. Sims v. Livesay, 970 F.2d 1575, 1579 (6th Cir.1992). Therefore, Atkins's claim of attorney ineffectiveness requires de novo review.
 
 
 12
 The reasonableness of counsel's performance is evaluated within the context of the circumstances at the time of the alleged errors, Strickland, 466 U.S. at 690, and there is a strong presumption that defense counsel's decisions are guided by sound trial strategy. Cobb v. Perini, 832 F.2d 342, 347 (6th Cir.1987), cert. denied, 486 U.S. 1024 (1988). Trial counsel's tactical decisions are particularly difficult to attack, O'Hara v. Wigginton, 24 F.3d 823, 828 (6th Cir.1994), and a petitioner's challenge to such decisions must overcome a presumption that the challenged action might be considered sound trial strategy. Id. (quoting Strickland, 466 U.S. at 689). In fact, effective assistance of counsel is presumed, and the court will not generally question matters which involve trial strategy. United States v. Chambers, 944 F.2d 1253, 1272 (6th Cir.1991), cert. denied, 502 U.S. 1112 and 503 U.S. 989 (1992). To establish the prejudice prong of the Strickland analysis, Atkins must show that absent his attorney's errors, the result of his trial would have been different. Lynott v. Story, 929 F.2d 228, 232 (6th Cir.1991).
 
 
 13
 Upon de novo review of the record, we conclude that the examples of error set forth by Atkins revolve around a sound trial strategy. Thus, trial counsel did not err. In addition, Atkins was not prejudiced by the alleged errors. To establish the prejudice prong of the Strickland analysis, Atkins must show that absent his attorney's errors, the result of his trial would have been different. Lynott, 929 F.2d at 232. Even if counsel erred, the result of the trial would not have been different because the evidence against Atkins was overwhelming.
 
 
 14
 Accordingly, the district court's judgment is affirmed.